**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ZOELIA LEMANI LEACOCK,
        Appellant,

        v.

GOVERNMENT PUBLISHING OFFICE,
        Agency.

DOCKET NUMBER
DC-315H-24-0632-I-1

DATE: April 27, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Zoelia LeMani Leacock, Hyattsville, Maryland, pro se.

Kerry Miller and LaTonya D. Hayes, Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction because she was terminated during her probationary period. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant was employed as a PG-07 Emergency Services Dispatcher with the agency. Petition for Review (PFR) File, Tab 4 at 10. The agency terminated her employment on May 6, 2024, during her probationary period, based on "continued tardiness" and excessive use of her personal phone while on duty. *Id.* On June 6, 2024, the appellant filed an appeal with the Board, arguing that the agency failed to properly investigate the reasons stated for her termination and that her termination was in retaliation for her participation in an interview with representatives of the Inspector General.[2] Initial Appeal File (IAF), Tab 1 at 9.

Because the appellant was terminated during her probationary period, the administrative judge issued a June 11, 2024 order explaining the Board's jurisdictional standards regarding probationary terminations and ordering the

---

[2] To the extent that the appellant is asserting that her termination was in reprisal for her cooperating with or disclosing information to the Inspector General, such a claim is not an independent source of Board jurisdiction; the Board may have jurisdiction over such a claim as part of an individual right of action (IRA) appeal. *See Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 7 (2010). For the Board to have jurisdiction over an IRA appeal, an appellant must show that she exhausted her remedies with the Office of Special Counsel (OSC). *Id.* The appellant does not indicate that she exhausted her remedies with OSC. IAF, Tab 1 at 3. Upon exhausting with OSC, the appellant may file an IRA appeal with the Board consistent with law and the Board's regulations.

appellant to file evidence and argument that she is an "employee" under 5 U.S.C. § 7511(a)(1)(A) or that her appeal is within the Board's jurisdiction under 5 C.F.R. § 315.806 (2024).[3] IAF, Tab 3. The appellant's response was due by June 18, 2024. *Id.* at 4. The appellant did not timely respond to the order. As a result, without holding the appellant's requested hearing, the administrative judge issued an initial decision on June 20, 2024, dismissing the appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision (ID).

The appellant has filed a petition for review, arguing that she was unable to upload her response to the June 11, 2024 order to e-Appeal until June 20, 2024, due to technical issues. PFR File, Tab 1 at 4-5. She further argues that she contacted the Board's technical support but did not receive a response addressing the problem until June 20, 2024, the same day the initial decision was issued. *Id.* at 4; ID at 1. The agency has responded to the appellant's petition for review. PFR File, Tab 4. The appellant has filed a reply, challenging the merits of her termination and asserting discrimination. PFR File, Tab 5 at 7-8. She has also included the attachments regarding the merits that she had intended to upload to e-Appeal in response to the administrative judge's order. *Id.* at 9-37.

We are troubled by the circumstances surrounding the administrative judge's failure to consider the appellant's response to the jurisdictional order. Those circumstances include the brief period provided to the appellant to respond, that the appellant's efforts to timely respond to the order were frustrated by difficulties with the e-Appeal system, and that the administrative judge issued the initial decision on the first business day after the deadline to respond to the order and on the same day the appellant received the requested technical assistance from the Board. Furthermore, having received the requested assistance, the appellant filed her response later that day. While the Board does not usually

---

[3] Effective June 24, 2025—after the appellant's termination—the Office of Personnel Management rescinded subpart H of part 315 of Title 5 of the Code of Federal Regulations pursuant to Executive Order No. 14284. Strengthening Probationary Periods in the Federal Service, 90 Fed. Reg. 26727-01 (June 24, 2025).

consider evidence and argument raised after the issuance of the initial decision unless the party shows that it is based on new and material evidence not previously available despite the party's due diligence, *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016), under the circumstances of this case and in the interest of fairness, we will consider the appellant's June 20, 2024 submission in addition to the parties' pleadings on review.[4]

<u>The appellant is not an "employee" under 5 U.S.C. § 7511(a)(1)(A).</u>

To qualify as an "employee" with statutory Board appeal rights, the appellant must show that she was not serving a probationary or trial period under an initial appointment, or that she had completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A); *see McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341 (Fed. Cir. 2002). Here, the appellant indicated that she was serving a probationary period when she was terminated. IAF, Tab 1 at 1, 8. She has not presented any evidence of prior Federal service, and she indicated that her total Federal service was less than 1 year. *Id.* at 8. Therefore, she does not meet the definition of an "employee" under chapter 75 with Board appeal rights.

<u>The appellant has not made a nonfrivolous allegation of jurisdiction under 5 C.F.R. § 315.806 (2024).</u>

To show that she has a regulatory right of appeal with the Board as a probationary employee, the appellant must make a nonfrivolous allegation that

---

[4] Because, with consideration of the appellant's June 20, 2024 submission, the record on jurisdiction is fully developed, the Board may adjudicate the question of jurisdiction and remand is not necessary. *Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 25 (2010) (stating that, when the record is sufficiently developed and the Board does not rely upon witness demeanor, the Board may adjudicate the case on the record and need not remand it to the administrative judge), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011), *and overruled on other grounds by Department of Health and Human Services v. Jarboe*, 2023 MSPB 22, ¶ 9; *see Rassenfoss v. Department of the Treasury*, 121 M.S.P.R. 512, ¶ 11 (2014) (stating that, when an administrative judge fails to adjudicate a claim that was properly raised below and the record is not sufficiently developed, remand may be required).

she was serving in a competitive service position at the time of her termination and (1) that the agency's action was based on partisan political reasons or marital status discrimination; or (2) and that she was terminated for preappointment reasons and the agency did not follow required procedures set forth in 5 C.F.R. § 315.805 (2024).  *Blount v. Department of the Treasury*, 109 M.S.P.R. 174, ¶ 5 (2008); *see* 5 C.F.R. §§ 315.805-.806 (2024).  Here, the appellant has not argued that she was terminated due to partisan political reasons, marital status discrimination, or that her termination was due to preappointment reasons. Rather, she argues that the agency's determinations of various instances of tardiness and excessive use of her personal phone while on duty were unfair and/or inaccurate.  PFR File, Tab 5 at 7.  Thus, she has failed to make a nonfrivolous allegation of jurisdiction as a probationary employee.

<u>The appellant's discrimination claims do not provide an independent basis for Board jurisdiction.</u>

The appellant argues that other employees removed essential workplace supplies, which amounted to discrimination and a hostile work environment.  *Id.* at 7-8.  It is well settled that claims of discrimination do not confer Board jurisdiction absent an otherwise appealable action.  *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 11 (2010); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.